UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HABEEB SALEEM | : CIVIL NO: 1:CV-01-0181 |
|     Petitioner, | : |
| | : (Judge Caldwell) |
| v. | : |
| | : (Magistrate Judge Smyser) |
| MARTIN F. HORN, | : |
| PHILIP L. JOHNSON and | : |
| DEPUTY SECRETARY FULCOMER, | : |
|     Respondents, | : |

FILED
HARRISBURG, PA

FEB 6 - 2001

MARY E. D'ANDREA, CLERK
PER_____ DEPUTY CLERK

## REPORT AND RECOMMENDATION

In December of 2000, the petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus in the Court of Common Pleas of Allegheny County, Pennsylvania. The petitioner is challenging his confinement in the Restricted Housing Unit's Long Term Problematic Segregation Unit (RHU-LTPSU) at the State Correctional Institution at Pittsburgh (SCI-Pittsburgh). The petitioner is seeking release from the RHU-LTPSU to the general population at SCI-Pittsburgh or to an appropriate mental health unit.

On January 29, 2001, the respondents removed the action to this court.[1]

28 U.S.C. §1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." It appears that this court lacks subject matter jurisdiction over the instant case.

The instant case is a habeas corpus case brought pursuant to state law. The respondents have not cited any authority, nor has the court found any authority, for the proposition that a United States District Court has subject

---

1. The respondents purport to remove the case from the Commonwealth Court of Pennsylvania even though they acknowledge that the case was remanded by the Commonwealth Court of Pennsylvania to the Court of Common Pleas of Allegheny County on January 8, 2001. In contravention of 28 U.S.C. § 1446(a), it appears that the respondents have not attached to their Notice of Removal copies of "all process, pleadings, and orders" served upon them prior to removal. Also, the respondents have provided no explanation why they removed the case to this court when the case was pending in the Court of Common Pleas of Allegheny County, Pennsylvania, which is in the Western District of Pennsylvania. See 28 U.S.C. § 1446(a) (providing that the case shall be removed to the "district court of the United States for the district and division within which such action is pending").

2

matter jurisdiction over a habeas corpus case brought pursuant to state law.

The respondents assert that the case should be treated as a 42 U.S.C. § 1983 case.

Removal on the basis of federal question jurisdiction "generally requires that a federal question be presented on the face of the plaintiff's properly pleaded complaint. This well-pleaded complaint rule 'makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.'" *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 228 (3d Cir. 1995)(quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

In the instant case, although the petitioner may have been able to plead a 42 U.S.C. § 1983 claim, he did not do so. The petitioner brought his claim as a habeas corpus claim pursuant to state law.

3

AO 72A

Based on the foregoing, it is recommended that this case be remanded to the Court of Common Pleas of Allegheny County, Pennsylvania.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: February 6, 2001.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HABEEB SALEEM                      : CIVIL NO: 1:CV-01-0181
    Petitioner,               :
                                   : (Judge Caldwell)
    v.                        :
                                   : (Magistrate Judge Smyser)
MARTIN F. HORN,                    :
PHILIP L. JOHNSON and              :
DEPUTY SECRETARY FULCOMER,         :
    Respondents,              :

FILED
HARRISBURG, PA

FEB 6 - 2001

MARY E. D'ANDREA, CLERK
PER_____
       DEPUTY CLERK

### NOTICE

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. §636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition **within ten (10) days** after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                                       J. Andrew Smyser
                                                                       Magistrate Judge

Dated: February 6, 2001.

AO 72A

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

February 6, 2001

Re:  1:01-cv-00181    Saleem v. Horn

True and correct copies of the attached were mailed by the clerk to the following:

   Habeeb Saleem
   SCI-PITTSBURGH
   DE-2340
   P. O. Box 99901
   Pittsburgh, PA  15233

   Victoria Sellitto Freimuth, Esq.
   Office of Chief Counsel
   PA Dept of Corrections
   55 Utley Drive
   Camp Hill, PA  17011

```
cc:
Judge                          (X)         ( ) Pro Se Law Clerk
Magistrate Judge               (X)         ( ) INS
U.S. Marshal                   ( )         ( ) Jury Clerk
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Federal Public Defender        ( )
Summons Issued                 ( ) with N/C attached to complt. and served by:
                                   U.S. Marshal ( )     Pltf's Attorney ( )
Standard Order 93-5            ( )
Order to Show Cause            ( ) with Petition attached & mailed certified mail
                                   to:  US Atty Gen ( )    PA Atty Gen ( )
                                        DA of County ( )   Respondents ( )
Bankruptcy Court               ( )
Other  if Opp due              ( )
```

MARY E. D'ANDREA, Clerk

DATE: __2-6-01__                                                          BY: __[signature]__
                                                                              Deputy Clerk